UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAH 2014-2 BORROWER, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>ALONSO SALAZAR, et al.,<br><br>            Defendants. | Case No.:  16CV1254 BEN (BGS)<br><br>**ORDER:**<br>**(1) GRANTING MOTION TO PROCEED IFP**<br><br>**(2) REMANDING CASE TO STATE COURT** |

On March 18, 2016, Plaintiff CAH-2014-2 Borrower, LLC filed an unlawful detainer action in state court against Defendants Alonso Salazar and Lorena Salas. On May 26, 2016, Defendant Salazar removed the action to this Court. Instead of paying the filing fee, Salazar moved to proceed in forma pauperis ("IFP"). For the reasons set forth below, the motion to proceed IFP is **GRANTED** and the case is **REMANDED** to state court.

**DISCUSSION**

**I.     Motion to Proceed IFP**

All parties instituting any civil action in a district court must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Under 28 U.S.C. § 1915(a)(1),

1

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

The information provided in Salazar's affidavit reflects an inability to pay the fee to pursue this action. The Motion to Proceed IFP is **GRANTED**.

## II.   *Sua Sponte* Screening

An IFP complaint is subject to mandatory screening. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any complaint if at any time the Court determines that it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." The *sua sponte* screening is mandatory. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

Upon the Court's screening of the Notice of Removal and Complaint, it is apparent that this Court lacks subject-matter jurisdiction. The allegations of the Complaint arise solely under state law. It is an unlawful detainer action. Defendant cites the Fair Debt Collection Practices Act in the Notice of Removal, however this is not a claim asserted in the Complaint.[1] This Court lacks federal question jurisdiction. 28 U.S.C. § 1331.

In addition, the amount in controversy is less than $75,000, precluding diversity as a basis for jurisdiction even if diversity of citizenship existed. 28 U.S.C. § 1332 (requiring that the amount in controversy exceed $75,000). The Complaint indicates that

---

[1] Assuming it can even be asserted in an unlawful detainer action, this is, at best, a federal defense. "A case may not be removed to the federal court on the basis of a federal defense." *ARCO Envtl. Remediation, LLC v. Dep't of Health and Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

the amount demanded is $10,000 or less.

When a case has been removed, the Court is obligated to remand it if the Court finds it lacks subject-matter jurisdiction. "If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." 28 U.S.C. 1447(c). Because the Court lacks subject matter jurisdiction, the case is **REMANDED**.

**IT IS SO ORDERED.**

Dated: June 6, 2016

Hon. Roger T. Benitez
United States District Judge